IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LARRY VANCE DEAN,

    Petitioner,

v.                                                     CASE NO. 4:05-cv-00407-SPM-AK

ROBERT L. HINKLE and
WILLIAM C. SHERRILL, JR.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter originally came to the Court's attention upon inquiry from the Clerk regarding filing the document styled "Verified Common Law Writ of Mandamus/Writ of Prohibition Notice of Special Objections to the Purported Order dated July 25, 2005 and Incorporated Declaration in the Nature of an Affidavit to the Office of Chief Justice of the supreme Court of the United States of America." Because it appeared that Petitioner was seeking a writ of mandamus with the Supreme Court regarding action taken in another proceeding (probably *Dean v. Stutler*, Cause No. 4:05CV260-RH-WCS (N.D. Fla.)), the undersigned instructed the Clerk to return the original documents to Petitioner so that he could file the documents with the Supreme Court.

Pursuant to the undersigned's instructions, the Clerk returned the documents to Petitioner, addressing the package to "Larry Vance Dean, 2915 Maridale Road, Marianna, Florida 32448," and included the appropriate mailing address for the Clerk of the Supreme Court. Petitioner forthwith returned the documents to the Court. The envelope was marked, "Without Prejudice Returned Not Accepted for Violations of 18 USC 1001," and Petitioner

included a letter informing the Clerk that his address was "Larry Vance Dean, c/o 2915 Maridale Road, Marianna, Florida 32448." The Clerk accommodated Petitioner's request and remailed the documents to the "in care of" address–even though it was technically the same address--as a final attempt to return the Supreme Court documents to Petitioner so that he could file them in the proper forum. They were returned again as undeliverable.

At that time, the Court instructed the Clerk to open a new civil case, using the Supreme Court documents as the originating petition for writ of mandamus. The Court has been patient with Petitioner's repeated rejection of the Court's attempts to assist him (he also returned the Clerk's *pro se* instruction letter). However, returning the Court's mail with notations regarding violations of 18 U.S.C. § 1001 has been Petitioner's repeated pattern of dealing with official mailings from this Court, *see Dean v. Stutler*, Cause No. 4:05cv260-RH-WCS (N.D. Fla.), and the undersigned would recommend that this case, like *Dean v. Stutler*, be dismissed for failure to prosecute. Petitioner's recalcitrant behavior is unfathomable, and he apparently does not really want to prosecute this action or any other.

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**IN CHAMBERS** at Gainesville, Florida, this **29th** day of November, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

   **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**